IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOWARD H. MORRICAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-52-DGW-SCW |
| | ) | |
| ATLAS-COPCO COMPRESSORS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## SCHEDULING ORDER

**WILKERSON, Magistrate Judge:**

On June 13, 2014, this Court held a Motions and Scheduling Conference. To the extent that this Order conflicts with any ruling or directions set forth at the Conference, this Order governs. As noted at the conference, any attorney involved in this matter must ensure (by reviewing the docket sheet and contacting the Clerk's office with corrections) that they are listed as the attorney of record for their respective clients, including the instances where their clients are counter/cross parties. The parties are reminded that the failure to respond to any motion by the deadline imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or an Order of this Court, may result in a finding that the merits of the motion are admitted pursuant to Local Rule 7.1. The Court intends to rule on all such motions promptly and without warning.

Depositions upon oral examination, interrogatories, request for documents, and answers and responses thereto shall not be filed unless on order of the Court.

Disclosures or discovery under Rule 26(a) of the Federal Rules of Civil Procedure are to be filed with the Court only to the extent required by the final pretrial order, other order of the Court, or if a dispute arises over the disclosure or discovery.

As indicated at the hearing, it is unlikely that the discovery deadline, the dispositive motion filing deadline, the Final Pretrial Conference, or the trial date will be extended absent extraordinary circumstances.

A.  General discovery procedures:

1.  No written motions regarding discovery or discovery disputes shall be filed except by leave of Court.

2.  The parties are reminded that they may, pursuant to Federal Rule of Civil Procedure 29, modify discovery dates occurring prior to the close of discovery, by agreement, without the Court's involvement, provided that neither the discovery cutoff and dispositive motion deadlines nor the settlement conference date are affected. This Court will not enforce any such agreements.

3.  Any discovery dispute shall be conducted by telephone conference (if there are 3 or fewer parties to the dispute) or by in-person conference (if there are more than 3 parties to the dispute). The party with the discovery dispute shall contact Sona Patel, Law Clerk to Judge Wilkerson, at (618) 482-9382, to schedule a telephonic conference call with the Court and opposing counsel. If the dispute involves written discovery, the disputed portion(s) shall be submitted to the Court by e-mail (sona_patel@ilsd.uscourts.gov) prior to the telephonic conference. The party with the discovery dispute shall be responsible for initiating the conference call. The Court's teleconference number is (618) 482-9004. Expense of the call will be borne by the non-prevailing party. The parties are directed to this Court's webpage, http://www.ilsd.uscourts.gov/Judges/Wilkerson.aspx, for additional information and specific procedures regarding discovery disputes. **Consult this Court's webpage BEFORE contacting chambers with questions**. The parties

are reminded that they must be able to certify that they conferred or attempted to confer in order to resolve the dispute prior to contacting the Court as required by Federal Rule of Civil Procedure 37(a)(1).

B. General Deadlines:

1. Motions/Stipulations of Dismissal: Any request pursuant to Federal Rule of Civil Procedure 41(a)(2) **SHALL** be filed as a motion (and not a stipulation). Any party objecting to any such motion shall file a response within 5 days of the filing of the motion(s). To the extent that Plaintiff (or any party) has already filed stipulations of dismissal pursuant to Rule 41(a)(2) (that have not been ruled upon), any party may file an objection by **June 18, 2014.** Any stipulation/motion filed pursuant to Rule 41(a)(2) may result in an Order dismissing the subject party **and** any cross/counter-claims asserted by or against that party, without prejudice (unless otherwise stated). No stipulations/motions need be filed by a party, who is the subject of a Rule 41(a)(2) Motion, with respect to dismissal of counter/cross claims asserted by or against that party. It is the Court's understanding that no third-party actions will be filed in this case.

2. Plaintiff shall file a notice, by **June 23, 2014**, indicating, as to Defendants who have not filed a responsive pleading, when that Defendant was served, when that Defendant's responsive pleading was due, and whether and when that Defendant will be dismissed by motion.

3. To the extent that a party seeks an Order pursuant to Rule 5(c)(1)(B), they shall submit to the Court, by e-mail (sona_patel@ilsd.uscourts.gov), a proposed Order by **June 23, 2014**. It is the Court's understanding that attorneys Geraci and Zimmerman will submit the standard Orders entered by the Madison and St. Clair

    County Courts and a relevant proposed Order that recently was submitted to Magistrate Judge Williams for review. The deadline for filing counter/cross claims is **HELD IN ABEYANCE** pending this Court's consideration of the Rule 5(c)(1)(B) motions (as to any counter/cross claim that was due *after* the filing of the Rule 5(c)(1)(B) motion).

C.  Discovery Deadlines

  1.  Any party properly served **SHALL** file a responsive pleading by **June 23, 2014**. Plaintiff shall seek entry of default by **July 7, 2014** as to any party who has failed to file a responsive pleading**.** Failure to seek default by the deadline may result in dismissal, without prejudice, of that Defendant for failure to prosecute.

  2.  Plaintiff shall provide HIPAA compliant authorizations for release of medical records including pathology and radiology materials; authorizations for social security earnings and disability records; and authorizations for employment, union, military, and workers compensation records; trust claim authorizations, and medical records in his possession, including pathology, x-rays, state and federal tax return records, and radiology by **July 30, 2014.**

  3.  Federal Rule of Civil Procedure 26(a)(1)(A) disclosures **SHALL** be served by **August 15, 2014.**

  4.  Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 shall be served on opposing parties by **August 30, 2014.**

  5.  Any third party actions shall be commenced by **August 30, 2014.**

  6.  Plaintiff shall provide to defense counsel liaison, with notice of compliance to all defense counsel: 1) all pathology materials; and 2) x-rays, CT scans, and all

   radiology scans in the possession of Plaintiff, Plaintiff's counsel, and his experts by **August 30, 2014.**

7. Plaintiff's deposition shall be taken by **September 30, 2014.**

8. Defendant's deposition shall be taken by **February 28, 2015.**

9. Motions to amend the pleadings shall be filed by **December 30, 2014**. By this date, the Court expects the parties to have some certainty as to the Defendants who remain, those who could be dismissed, and the claims that Plaintiff/Defendants wish to pursue. To that end, Plaintiff is **ORDERED** to file an amended pleading by **December 30, 2014** that would reflect what claims/Defendants he/she is pursuing. If a party seeks at *add* any claims or Defendants, he/she/it must file a Motion by **September 30, 2014.**

10. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

    Plaintiff's expert(s): December 30, 2014.

    Defendant's expert(s): April 30, 2015.

    Third Party expert(s): April 30, 2015.

11. Depositions of expert witnesses must be taken by:

    Plaintiff's expert(s): February 28, 2015

    Defendant's expert(s): June 30, 2015

    Third Party expert(s): June 30, 2015

D. Firm Deadlines that will not be extended absent extraordinary circumstances:

1. **Discovery** shall be completed by **July 15, 2015**. Any written interrogatories or request for production served after the date of the Scheduling and Discovery

       Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

2. All **dispositive motions** shall be filed by **July 30, 2015**. Dispositive motions filed after this date will not be considered by the Court.

3. A settlement conference shall set before Magistrate Judge Stephen C. Williams. Plaintiff shall contact Judge Williams' Chambers by **May 30, 2015** to set a settlement conference date.

4. A final pretrial conference is hereby **SET** for **October 27, 2015 at 2:00 p.m.** in the East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson.

5. A Jury Trial is hereby **SET** for **November 18, 2015** at **9:00 a.m.** in the East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson.

6. Additional Deadlines:

    a. Motions in limine **SHALL** be due 14 days before trial, and responses to those motions shall be due 7 days before trial.

    b. Any challenges to a potential witness' testimony brought pursuant to FED. R. EVID. 702 and FED. R. EVID. 703 (i.e., *Daubert* motions) **SHALL** be due on or before this case's deadline for dispositive motions.

**DATED: June 17, 2014**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**